# Exhibit A

HOME   ONLINE SERVICES   COURT SERVICES   RECORDS   FEES

CLERK TO THE BOARD   USEFUL LINKS   HOW DO I....

# Leon County Clerk of the Circuit Court and Comptroller Court Case Search

Full Case View                                                                                      Print Page

**37 2024 CA 001431 - LEWIS, LEKETRA vs ARAMARK MANAGEMENT LLC**

| Party Status | Party | Party Code | Attorney | Attorney Status |
|---|---|---|---|---|
| | ARAMARK MANAGEMENT LLC , | DEFENDANT | PRO SE | ACTIVE |
| | LEWIS, LEKETRA | PLAINTIFF | MARIE A MATTOX | ACTIVE |

Top of Page

| Action Dscr | Open/Reopen Status | Open/Reopen Date | Disposition | Disposition Date | Judge |
|---|---|---|---|---|---|
| OTHER DISCRIMINATION | OPEN | 8/23/2024 10:20:00 PM | | | DEMPSEY |

Top of Page

| Charge # | Action Code | Description | Plea Date | Plea | Decision Date | Court Action | Charge Disposition | Citation |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

Top of Page

**Judges Appearing on Case**

| Last Name | First Name | Date Assigned | Source |
|---|---|---|---|
| DEMPSEY | ANGELA | 9/3/2024 11:39:59 AM | BM |

Top of Page

**Viewing Option for Sensitive and Confidential Cases**

**Non-Viewable images in Court Cases Requiring Clerk Assistances**



Docket Table Headers Are Sortable. Click For Ascending, Again For Descending Order
Source Table Abbreviations: BM = Benchmark; JIS = Justice Informations System

| Docket Date | CCISSeqNbr | Docket Code | ECertify | Docket Text | OR Book | OR Page | Source |
|---|---|---|---|---|---|---|---|
| 8/23/2024 | 2 | CCS PDF | ☐ ‹‹-Req $ | CIVIL COVER SHEET | | | BM |
| 8/23/2024 | 3 | COMP_CA PDF | ☐ ‹‹-Req $ | COMPLAINT | | | BM |
| 8/23/2024 | 4 | SUIS PDF | ☐ ‹‹-Req $ | SUMMONS ISSUED - 9/3/24 | | | BM |
| 9/3/2024 | 1 | a002 | | JUDGE DEMPSEY, ANGELA C: ASSIGNED | | | BM |
| 9/3/2024 | 5 | RECEIPT PDF | ☐ ‹‹-Req $ | PAYMENT $410.00 RECEIPT #1801709 | | | BM |
| 9/3/2024 | 6 | UOCC PDF | | UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT E-NOTICED via email on 2024-09-03 | | | BM |

| 10/28/2024 | 7 | ROSE_PDF | ☐ ‹‹-*Req $* | RETURN OF SERVICE EXECUTED-ARAMARK MANAGEMENT, LLC, C/O CT CORPORATION SYSTEM - REGISTERED AGENT | BM |

[Top of Page]

| Event | Date | Start | Location | Judge | Result | Source |
|---|---|---|---|---|---|---|

[Top of Page]

| Docket Application | Owed | Paid | Dismissed | Due |
|---|---|---|---|---|
| COMPLAINT | $400.00 | $400.00 | $0.00 | $0.00 |
| CIRCUIT CIVIL SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |

[Top of Page]

| Ordered Amt | Paid | Ar Plan Dismissed | Balance | Delinquent |
|---|---|---|---|---|

[Top of Page]

|  |  |
|---|---|
|  | IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA |
| **LEKETRA LEWIS,** | CASE NO.: 24-CA- 2024 CA 001431 |
| Plaintiff, | FLA BAR NO.: 0739685 |
| v. |  |
| **ARAMARK MANAGEMENT, LLC,** |  |
| Defendant. |  |
| _____/ |  |

# COMPLAINT

Plaintiff, LEKETRA LEWIS, hereby sues Defendant, ARAMARK MANAGEMENT, LLC, and alleges:

## NATURE OF THE ACTION

1. This is an action brought under Family and Medical Leave Act (FMLA) of 1993, codified at 29 U.S.C. §§2612, 2624.

2. This action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, LEKETRA LEWIS, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class for being eligible for and then taking protected leave under the FMLA and has been retaliated against thereafter.

4. At all times pertinent hereto, Defendant, ARAMARK MANAGEMENT, LLC, has been organized and existing under the laws of the State of Florida. At all times pertinent to this

action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action, if any. Plaintiff worked for Defendant for more than 1,250 hours in the year immediately preceding her need for leave and was employed with Defendant for more than one year. Defendant employs more than 50 employees within a 75-mile radius.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff began working with Defendant on March 21, 2020, and held her position of Front House Cook until her termination on November 7, 2022.

7. Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and held to a different standard for taking protected leave under the FMLA and has been retaliated against thereafter.

8. The disparate treatment came at the hands of specifically but not limited to Director Maryanne McCray and Director Zach Bloom.

9. Plaintiff was a loyal and dedicated employee who did not receive any disciplinary reprimands throughout her employment, and regularly received accolades for her satisfactory work performance.

10. In or around October 2022, McCray informed Plaintiff that the Defendant could not support her preferred schedule and as a result, Plaintiff's schedule was changed. Before this schedule alteration, Plaintiff consistently worked from 7:00 am to 3:00 pm, but afterward, her schedule became unpredictable and incorporated hours extending beyond 3:00 pm.

2

11. On November 1, 2022, Plaintiff dropped her two-year-old son off at daycare. When she picked him up, Plaintiff was informed that her son was sick and that he could not return to daycare until November 3, 2022. Due to the recent modified schedule imposed by McCray, Plaintiff was forced to call out from work due to the need to care for her sick child as there was no other option of supervision available.

12. While attempting to call out, Plaintiff was on the phone with McCray and was told that she could not call out. Plaintiff reasserted the fact that she had an official doctor's note from the daycare, but McCray disregarded this information. McCray continued on to say, "I got something for that" in a threatening tone, and Plaintiff responded by stating "alright ma'am."

13. On November 3, 2022, Plaintiff visited her physician's office, who confirmed that her child was sick. The physician indicated that Plaintiff's child could return to daycare on November 5, 2022, which was a Saturday, meaning the following Monday.

14. The following Monday after this conversation, November 7, 2022, Plaintiff was called by McCray and informed that she was being let go without any form of warning or write up.

15. Plaintiff provided sufficient information as to her son's medical condition so as to place Defendant on notice to anticipate her need for leave under the FMLA.

16. Plaintiff did not have any last-minute call outs prior to this incident.

17. Following Plaintiff's termination, she learned that McCray had been using the act of firing her as a threat to other employees, saying "I'll do you like I did Lewis."

18. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutes referenced above.

3

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

19. Paragraphs 1 through 18 are re-alleged and are incorporated herein by reference.

20. This is an action against Defendant for retaliating against Plaintiff due to her need for protected leave time as set forth more fully above. This is thus both an interference and retaliation claim.

21. After putting Defendant on notice that she would be taking leave for her child's serious health conditions, Defendant harassed Plaintiff and fired her.

22. Plaintiff was denied rights and benefits conferred by the FMLA and was terminated after putting Defendant on notice that she needed to take leave time for her two year olds illness, which would have been protected under the FMLA.

23. Defendant's violations of the FMLA were willful.

24. As a direct and proximate result of Defendants willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of employment, as well as the security and peace of mind it provided. Plaintiff has incurred damages for lost wages, and other damages attendant with the loss of her job. These damages have occurred in the past, are occurring at present and will continue in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 23rd day of August 2024.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
michelle@mattoxlaw.com
marlene@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SECOND</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>   COUNTY, FLORIDA

<u>LEKETRA LEWIS</u>
Plaintiff

Case # <u>2024 CA 001431</u>
Judge _____

vs.
<u>ARAMARK MANAGEMENT LLC</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.   TYPE OF CASE   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX.  DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Marie A Mattox            Fla. Bar # 739685
        Attorney or party                                (Bar # if attorney)

Marie A Mattox                    08/23/2024
(type or print name)                  Date

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA

**LEKETRA LEWIS,**

    **Plaintiff,**

v.

**ARAMARK MANAGEMENT, LLC,**

    **Defendant.**

_____/

CASE NO.: 24-CA-  2024 CA 001431
FLA BAR NO.: 0739685

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**ARAMARK MANAGEMENT, LLC**
**c/o C T CORPORATION SYSTEM – REGISTERED AGENT**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FL 33324**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____9/3/2024_____, 2024.

CLERK OF THE CIRCUIT COURT

By:_____

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**LEKETRA LEWIS**

    Plaintiff

vs                                                                                              CASE NO.: 2024 CA 001431

**ARAMARK MANAGEMENT LLC**

    Defendant

_____/

<u>**UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT**</u>

    In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

    **Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

**I. PROJECTED TRIAL DATE**

    All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

    All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

    All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

    A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

- 120 days after filing: Service of Complaints
- 150 days after filing: Service under any Extension of Time
- 180 days after filing: Adding New Parties
- 210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
- 270 days after filing: Completion of Fact and Expert Discovery
- 270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

- 120 days after filing: Service of Complaints
- 180 days after filing: Service under any Extension of Time
- 210 days after filing: Adding New Parties
- 270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
- 400 days after filing: Completion of Fact and Expert Discovery
- 450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Tuesday, September 3, 2024
ANGELA C DEMPSEY CIRCUIT JUDGE

ANGELA C DEMPSEY
Circuit Judge

## SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.

# LEON COUNTY Receipt of Transaction
## Receipt #    1801709

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Marie A. Mattox P.A.

,

**On Behalf Of:**

,

On: 9/3/2024  11:40:04AM
Transaction # 101096599
Cashiered by: E ALFORD

**CaseNumber   2024 CA 001431**

**Judge   ANGELA C DEMPSEY**

**LEKETRA LEWIS   VS   ARAMARK MANAGEMENT LLC**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |
| **Grand Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |

**PAYMENTS**

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 205481898 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | **Payments Total:** | | **410.00** | **0.00** | **0.00** | **0.00** | **410.00** |

Page 1 of 1

# VERIFIED RETURN OF SERVICE

Job # T244297

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

**PLAINTIFF:** CIRCUIT COURT
LEKETRA LEWIS,
-versus- County of Leon, Florida
**DEFENDANT:** Court Case # **2024 CA 001431**
ARAMARK MANAGEMENT, LLC,

**Service Info:**

Received by Joseph Marker: on October, 21st 2024 at **02:06 PM**
Service: I Served **ARAMARK MANAGEMENT, LLC, C/O CT CORPORATION SYSTEM - REGISTERED AGENT**
With: **SUMMONS; COMPLAINT; UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT**
by leaving with **Lisa Howard, CLERICAL ASSISTANT**

At Business 1200 SOUTH PINE ISLAND RD PLANTATION, FL 33324
On **10/22/2024** at **12:15 PM**
Manner of Service: CORPORATE R/A
F.S. 48.091(1)(2) CORPORATIONS: DESIGNATION OF REGISTERED AGENT

**Served Description:** (Approx)

Age: **45**, Sex: **Female**, Race: **Indian**, Height: **5' 6"**, Weight: **135**, Hair: **Black** Glasses: **No**

I **Joseph Marker** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

_signature_

**Joseph Marker**
Lic # **SPS 613**

**Accurate Serve of Tallahassee**
400 Capital Circle Southeast
Tallahassee, FL 32301

Client # LEKETRA LEWIS
Ref # MIA19265




1 of 1

Filing # 205481898 E-Filed 08/23/2024 10:20:00 PM

Case 4:24-cv-00446-MW-MAF    Document 1-1    Filed 11/04/24    Page 19 of 19

INITIALS: 11/04/24 SPS646
DATE: 10/22/2024 TIME: 12:15 PM
MILITARY: NA
MARITAL STATUS: NA

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**LEKETRA LEWIS,**

    Plaintiff,

v.

**ARAMARK MANAGEMENT, LLC,**

    Defendant.

_____/

CASE NO.: 24-CA-   2024 CA 001431
FLA BAR NO.: 0739685

SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**ARAMARK MANAGEMENT, LLC
c/o C T CORPORATION SYSTEM – REGISTERED AGENT
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____9/3/2024_____, 2024.

CLERK OF THE CIRCUIT COURT

By:_____